UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEPOSITORS INSURANCE COMPANY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No: 8:19-cv-851-T-60JSS

LOAN RANGER ACQUISITIONS, LLC,
BEMC, LLC d/b/a LOCALE MARKET,
and RAND ABEDRABBO, individually,

    Defendants.
_____/

## ORDER

This case is before the Court on cross-motions for summary judgment: "Plaintiff's Renewed Motion for Summary Judgment" (Doc. 51), filed by Depositors Insurance Company, and Defendant "Loan Ranger Acquisitions, LLC's Motion for Summary Judgment." (Doc. 46). Each of these parties filed a response in opposition to the other's motion. (Docs. 47, 55). Defendants BEMC, LLC and Rand Abedrabbo joined in Loan Ranger's response in opposition to Depositors' motion. (Docs. 56, 57). Depositors previously filed a virtually identical motion for summary judgment (Doc. 31), which has been rendered moot by its renewed motion.

Upon review of the motions, responses, court file, and record, the Court finds as follows:

## Background

This case presents a dispute between an insurer (Depositors) and insured (Loan Ranger) over liability insurance coverage for claims arising from personal injuries. The material facts are undisputed.

### *Abedrabbo's State Court Claims*

The injured party, Rand Abedrabbo, filed a complaint in state court against Loan Ranger and BEMC. Abedrabbo alleged that on November 4, 2016, he visited a restaurant known as the Locale Market, owned by BEMC, and located in an outdoor shopping mall owned by Loan Ranger. (Doc. 51-4 at ¶¶ 7-9, 11). He and his family bought their food and sat down just outside the restaurant, near its exit, at a table placed there by Loan Ranger and BEMC for the use of restaurant customers. (*Id*. at ¶¶ 11-14). A third party, fleeing from security personnel employed by defendants, jumped from a second-story walkway and landed on Abedrabbo's table, causing the table to strike and severely injure Abedrabbo's leg. (*Id*. at ¶¶ 16-24). Abedrabbo alleged that BEMC and Loan Ranger failed to take all reasonable steps to protect customers from injury, and that, among other things, they negligently placed the tables under the walkway and failed to warn customers of the danger. (*Id*. at ¶¶ 14-15, 34-35).

BEMC moved for summary judgment, but Abedrabbo dismissed BEMC with prejudice before the state court ruled on the motion, leaving Loan Ranger as the sole defendant in that lawsuit, which remains pending. (Doc. 51-5).

*This Lawsuit*

As required by the lease between Loan Ranger as landlord and BEMC as tenant (the "Lease"), BEMC had in place a policy of liability insurance (the "Policy") issued by Depositors that named Loan Ranger as an additional insured. (Docs. 43-1; 43-2; 43-3; 43-4; 51-1).[1] Loan Ranger demanded that Depositors defend it against Abedrabbo's claims. (Docs. 46 at 6, ¶ 9; 47 at 2). Depositors denied the claim and filed this federal court action against Loan Ranger, BEMC, and Abedrabbo, seeking a declaration that the Policy does not cover Loan Ranger for Abedrabbo's claims. (Doc. 1 at ¶¶ 29, 31).

Depositors has moved for summary judgment, arguing that it has no duty to defend or indemnify Loan Ranger. (Doc. 51). Loan Ranger, joined by BEMC and Abedrabbo, opposes Depositors' motion, and has moved for summary judgment in its own favor, asking for a declaration that Depositors is obligated to defend it against the Abedrabbo claims. (Docs. 46; 55; 56; 57).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty*

---

[1] The record contains different versions of the Lease, specifically, a partial copy of the November 13, 2013 version, and a more complete copy of the amended and restated Lease signed February 14, 2014. *See* (Docs. 50-3; 43-1 to 43-4). As there appears to be no dispute regarding the latter's relevance or authenticity, this Order will cite to that document.

*Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations and evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed . . . ." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

Summary judgment in a declaratory judgment action is appropriate where, as here, the material facts are undisputed and the insurer's duty rests solely on the applicability of the insurance policy, the interpretation of which is a question of law for the Court. *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1358 (M.D. Fla. 2001).

## Analysis

A liability insurer owes its insured two distinct duties: a duty to defend the insured against the claim, and a duty to indemnify the insured against liability. *See, e.g., Lime Tree Vill. Cmty. Club Ass'n, v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). The insurer's duty to defend is "distinct from and broader than the duty to indemnify," and is determined by examining the allegations in the complaint filed against the insured. *Id.*; *Higgins v. State Farm Fire & Cas. Co,* 894 So. 2d 5, 9-10 (Fla. 2004). The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage. *Lime Tree Vill.*, 980 F.2d at 1405. Moreover, if the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured. *Id.*

For the reasons set forth below, Loan Ranger is entitled to summary judgment declaring that the Policy provides coverage to Loan Ranger for the claims Abedrabbo asserts in his state court complaint. Depositors therefore has a duty to defend Loan Ranger against those claims. The issue of Depositors' duty to indemnify Loan Ranger against liability, however, is not ripe because the state

court proceedings on Abedrabbo's claim have not concluded, and Loan Ranger's liability on that claim, if any, has not been determined.

***Depositors' Duty to Defend***

<u>Abedrabbo's Claims Arise Out of the Ownership, Maintenance, or Use of the Space Leased to BEMC.</u>

The additional insured provision in BEMC's Policy with Depositors affords Loan Ranger coverage for "liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule . . . . " (Doc. 51-1 at 72). The phrase "arising out of" is not limited to matters proximately caused by the listed event or peril, but is given a broader meaning, which includes "originating from," "having its origin in," "growing out of," "flowing from," "incident to" or "having a connection with." *See, e.g.*, *Hilton Hotels Corp. v. Employers Ins. of Wausau*, 629 So. 2d 1064, 1065 (Fla. 3d DCA 1994*); see also Taurus Holdings, Inc. v. U.S. Fid. Guar. Co.*, 913 So. 2d 528, 539 (Fla. 2005) (similarly interpreting "arising out of" in the context of an insurance policy exclusion). Abedrabbo's claims fall within this broad coverage provision.

Depositors' reliance on *Hilton Hotels*, 629 So. 2d at 1064-65, is misplaced. In *Hilton Hotels*, Florida's Third District held a similarly worded additional insured provision did not cover a personal injury claim against a landlord. (Doc. 47 at 4). In that case, an employee of a gift shop that leased space in a hotel, while heading to work, was injured in the hotel lobby at an undetermined distance from the gift shop. The injury had nothing to do with the gift shop other than the fortuity that the party injured in the hotel lobby happened to be a gift shop employee.

Here, in contrast, as Loan Ranger aptly puts it, under the allegations of the Abedrabbo's state court complaint, "Mr. Abedrabbo was injured while patronizing Locale Market [i.e., BEMC], sitting in Locale Market's table and chairs, when he was struck by Locale Market's table." (Doc. 46 at 12-13). The Abedrabbo complaint further alleges that BEMC was negligent in the placement of the tables, in failing to provide its customers the option of moving the tables, and in failing to warn its customers about the danger from the second-floor walkway. (Doc. 51-4 at ¶¶ 9-15, 34-35). The allegations of the Abedrabbo complaint fall within the coverage provision of the additional insured endorsement.

<u>The Lease's Indemnification Provision Does Not Limit the Scope of Additional Insured Coverage Under the Policy.</u>

The Policy's additional insured endorsement provides that if the additional insured coverage was "required by a contract or agreement," then coverage under the Policy would only extend as far as required by that "contract or agreement." It is undisputed that the relevant "contract or agreement" in this case is the Lease between Loan Ranger and BEMC. *See* (Doc. 43-1 at 13).

From these facts, Depositors' argument that there is no coverage proceeds as follows: The Policy's additional insured provision incorporated all the terms of the Lease, including the Lease's indemnification provision. (Doc. 51 at 9). Under that indemnity provision, BEMC's obligation to indemnify Loan Ranger did not extend to claims arising from Loan Ranger's own negligence. (*Id.* at 11-14). But BEMC has been dismissed with prejudice as a defendant in Abedrabbo's state court lawsuit (*id.* at 15), and in fact, the "only negligence can be that of Loan Ranger." (*Id.*) Since the

Lease imposes no obligation on BEMC to indemnify Loan Ranger for its own negligence, BEMC has no obligation to indemnify Loan Ranger for Abedrabbo's claims and, accordingly, Depositors concludes, the Policy's additional insured endorsement does not cover those claims. (*Id.* at 16-17).

There are multiple flaws in Depositors' argument. First, an insurer's duty to defend is determined by the allegations of the complaint against its insured, and Abedrabbo's complaint alleges negligence on the part of BEMC. Whether BEMC was in fact negligent is irrelevant. *See Lime Tree Vill.*, 980 F.2d at 1405.

Second, coverage under the Policy's additional insured endorsement, by its plain language, does not turn on negligence by BEMC or Loan Ranger, but on whether the claim asserted in the complaint arises out of the operation, maintenance or use of the leased premises. As explained above, it does.

Third, the Policy's additional insured endorsement did not purport to incorporate all the terms of the Lease. It simply limited the additional insured coverage it provided by reference to the scope of insurance the Lease required BEMC to obtain. (Doc. 51-1 at 72). The Lease addressed the required insurance coverage in Section 13.1. (Doc. 43-1 at 27-28). Nothing in that section limited the required coverage by reference to BEMC's indemnity obligation, which was set forth in a separate provision. (*Id.*). The indemnity provision, Section 23.1(a), did not mention insurance or insurance requirements. (*Id.* at 37).

In short, the insurance and indemnity obligations are separate and distinct requirements placed on BEMC under the Lease. There is no basis to modify the

scope of insurance coverage expressly required by reference to the indemnification provision. To do so would be to impermissibly rewrite the Lease, and thereby the Policy. *See James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("[C]ourts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties").

Depositors' argument appears to turn on a misreading of *Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co.*, Case No. 03-80106-CIV, 2008 WL 544732 (S.D. Fla. Feb. 26, 2008). *Liberty Mutual* involved an insurance policy's additional insured provision that limited insurance coverage for the landlord to that required in a lease. The lease in *Liberty Mutual*, however, by its express terms, tied the extent of the additional insured coverage to the extent of the tenant's obligation to indemnify the landlord. Here, in contrast, the two obligations are distinct.[2] *See Birmingham Fire Ins. Co. of Pennsylvania v. Comcar Indus., Inc.*, Case No. 8:07-cv-762-T-24MSS, 2008 WL 4642331, at *4 (M.D. Fla. Oct. 20, 2008) (distinguishing *Liberty Mutual* where under the parties' agreement, the obligation to indemnify was distinct from its obligation to provide additional insured coverage).

---

[2] In light of the foregoing, the Court need not address Loan Ranger's argument based on the Lease provisions for indemnification related to the Outside Seating Area where Abedrabbo was injured. *See* (Docs. 46 at 11-13; 55 at 11-12). The Court notes, however, that Schedule 8.18 to the Lease provided that the Outside Seating Area was subject to all terms of the Lease as if it had been a part of BEMC's leased space from the inception of the Lease. (Doc. 43-3 at 35). It also not only provided for indemnification for claims against Loan Ranger, but also required that BEMC "maintain insurance with respect [to liability arising out of BEMC's use of the Outside Seating Area] *as set forth in Article 13 (Insurance) in the Lease.*" (*Id.*) (emphasis supplied). This provision further confirms the Lease requirement for insurance is governed by Article 13, which contains no restriction on coverage based on the scope of the separate indemnification obligation.

Absent any limitation in the Policy or in the Lease's insurance provision for claims arising out of Loan Ranger's own negligence, the Policy's additional insured provision covers Abedrabbo's claims as stated in his complaint.³ *See Container Corp. of Am. v. Maryland Cas. Co.*, 707 So. 2d 733, 735 (Fla. 1998) (additional insured provision in policy covered claims arising from owner's negligence); *Koala Miami Realty Holding Co. v. Valiant Ins. Co.*, 913 So. 2d 25, 26 (Fla. 3d DCA 2005) (absent language excluding coverage for claims arising from additional insured building owner's negligence, additional insured provision in policy covered such claims).

***Duty to Indemnify***

The issue of Depositors' duty to indemnify Loan Ranger, raised in Depositors' motion for summary judgment, is not ripe for adjudication until the underlying lawsuit is resolved. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.,* 766 F. App'x. 768, 770 (11th Cir. 2019). This issue is therefore dismissed without prejudice. *See, e.g., Southern Owners Ins. Co. v. Gallo Bldg. Serv., Inc.*, Case No: 8:15-cv-1440-T-17AAS, 2019 WL 3854779, at *1-2 (M.D. Fla. June 21, 2019); *Great Am. All. Ins. Co. v. Southern-Owners Ins. Co.,* 9:18-cv-80592-CIV-DIMITROULEAS, 2019 WL 1338586, at *7 (S.D. Fla. Jan. 29, 2019).

---

³ Depositors also argues that the Lease extends BEMC's indemnity obligations only to the "Landlord Entities," and there is an ambiguity as to whether Loan Ranger is included. (Docs. 47 at 11-12; 51 at 15-16). As just explained, however, BEMC's indemnification obligation is irrelevant to the issue of insurance coverage, and in any event, Loan Ranger is not only expressly named an additional insured in the Policy, but specifically defined in the Lease as among the "Landlord Entities" to whom both insurance and indemnification obligations run. (Docs. 43-1 at 6, § 2.1; 43-2 at 2, § 23.7(b); 43-2 at 8, § (oo)). There is no ambiguity.

## Conclusion

For the foregoing reasons, the Court denies Depositors' motion for summary judgment, and grants Loan Ranger's motion for summary judgment, on the issue of Depositors' duty to defend the claims asserted against Loan Ranger in Abedrabbo's state court complaint, and dismisses without prejudice the issue of Depositors' duty to indemnify Loan Ranger against any liability it may incur.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion for Summary Judgment" (Doc. 31) is **DENIED** as moot.

2. "Plaintiff's Renewed Motion for Summary Judgment" (Doc. 51) is **DENIED**, except for the issue of Depositors' duty to indemnify Loan Ranger, which is **DISMISSED WITHOUT PREJUDICE**.

3. "Loan Ranger Acquisitions, LLC's Motion for Summary Judgment" (Doc. 46) is **GRANTED** with respect to Depositors' duty to defend as set forth above.

4. The Court declares that Depositors has a duty to defend Loan Ranger in the underlying action, styled *Abedrabbo v. Loan Ranger Acquisitions, LLC, et al.*, Case No. 17-CA-006735, filed in the Sixth Judicial Circuit in and for Pinellas County, Florida.

5. The Clerk is directed to enter judgment in favor of Defendants Loan Ranger Acquisitions, LLC, BEMC, LLC, and Rand Abedrabbo, and against Plaintiff Depositors Insurance Company in accordance with the dictates of this Order.

6. The Clerk is directed to terminate any pending motions or deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st </u>day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**